**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Mona Amini, Esq. (296829)
mona@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
JENNIFER KITCHENS

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, SUITE D1*
*COSTA MESA, CA 92626*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| JENNIFER KITCHENS,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL LENT D.B.A.<br>CAPITAL RECLAMATIONS,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//

//

---

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff JENNIFER KITCHENS ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of DANIEL LENT D.B.A. CAPITAL RECLAMATIONS ("Defendant') with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.   Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### JURISDICTION AND VENUE

9.   Jurisdiction of this Court arises under federal question, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, et seq. ("RFDCPA").

11.  Because Defendant conducts business within the State of California, personal jurisdiction is established.

12.  Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Ridgecrest, County of Kern, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PARTIES**

13. Plaintiff is a natural person who resides in the City of Ridgecrest, County of Kern, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Capital Reclamations is a company operating from the State of California; and has an office or otherwise operates from 6185 Magnolia Avenue, Suite # 267, Riverside, California, 92506.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. Defendant is also a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the City of Ridgecrest, County of Kern, in the State of California.

19. At all times relevant, Defendant conducted business in the State of California.

20. Sometime before August 2016, Plaintiff allegedly incurred certain financial obligations through a loan issued and/or serviced by the original creditor, SGQ Processing.

21. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt or whether his alleged debt was actually owed.

24. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about August 16, 2016, in attempt to collect on the alleged debt, Defendant filed a collection action in state court against Plaintiff entitled *Daniel Lent D.B.A. Capital Reclamations v. Jennifer Kitchens*, Case No, RIC1610775, in the Superior Court of California, County of Riverside (hereinafter "collection action").

26. Defendant's collection action constituted "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

27. Plaintiff has never lived in Riverside County. By filing this collection action against Plaintiff in Riverside County rather than the county where Plaintiff actually resides, Defendant violated 15 U.S.C. § 1692i by bringing legal action against Plaintiff in attempt to collect upon an alleged debt in a judicial district other than which Plaintiff resided at the commencement of the action.

28. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

29. Thereafter, on or about November 4, 2016, Defendant filed a Proof of Service in the abovementioned collection action, which stated that Plaintiff was purportedly served by substitute on September 1, 2015 at "413 LORIE ANN ST, RIDGECREST, CA 93555" by serving "a 5'5, hispanic, female, with shoulder lenth black hair 150lbs and dark eyes."

30. However, Plaintiff was not properly served by substitute because Plaintiff did not reside at the abovementioned address at the time of purported service, nor did Plaintiff use said address as her regular mailing address. Thus, Plaintiff never received proper notice of the abovementioned collection action.

31. In addition, because the collection action was filed on August 16, 2016, Defendant's purported service occurring nearly a year before filing Defendant's complaint in the collection action does not constitute proper service or satisfy California Code of Civil Procedure §§ 415.10 or 415.20.

32. Through this conduct, Defendant has violated 15 U.S.C § 1692e by using false, deceptive, and misleading representations in the collection an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. Through this conduct, Defendant has also violated 15 U.S.C § 1692e(10) by using false, deceptive, and misleading representations in the collection of an alleged debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

34. In addition, Defendant has violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

35. On November 4, 2016, on the same day as filing the abovementioned Proof of Service, Defendant also filed a Request for Entry of Default Judgment against Plaintiff in the collection action using the abovementioned Proof of Service to illegally obtain a default judgment against Plaintiff despite Defendant's failure to give Plaintiff proper notice that Defendant had commenced the collection action against Plaintiff.

36. Based on Defendant's misrepresentations to the court in the collection action, Defendant improperly obtained a default judgment against Plaintiff on November 11, 2017.

37. On December 7, 2016, Defendant applied for and obtained a Writ of Execution in order to collect upon the illegally obtained default judgment.

38. Thereafter, in January 2017, Plaintiff was made aware that Defendant had attempted to garnish Plaintiff's wages when Plaintiff was contacted by her former employer regarding an Earnings Withholding Order from Defendant.

39. Through this conduct, Defendant violated Cal. Civ. Code § 1788.10(e) by threatening wage garnishment when such an action was not permitted by law.

40. Through this conduct, Defendant has violated 15 U.S.C. § 1692c(b) by communicating with a party other than Plaintiff without Plaintiff's prior consent in attempt to collect upon an alleged debt.  This section is

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1     incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

2     Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant has violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant has violated 15 U.S.C § 1692e by using false, deceptive, and misleading representations in the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant has violated 15 U.S.C. § 1692e(2)(a) by making false representation regarding the character, amount or legal status of an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C § 1692e(5) by threatening to take action that cannot legally be taken in connection with the collection of an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant has also violated 15 U.S.C § 1692e(10) by using false, deceptive, and misleading representations in the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

46. In addition, Defendant has violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

47. After learning of the attempted wage garnishment through her former employer, Plaintiff contacted Defendant to inquire about what she had learned through her former employer; and Defendant then explained to Plaintiff that she had been sued by Defendant and a default judgment had been obtained against her.

48. Plaintiff was never aware of Defendant's attempt to effectuate service upon Plaintiff, nor was Plaintiff given notice or otherwise aware of the collection action until Defendant's attempt to collect upon the illegally obtained default judgment by attempting to garnish Plaintiff's wages.

49. On or about January 7, 2017, Plaintiff received a letter from Defendant stating that Defendant agreed to settle the alleged debt and collection action for 39 monthly payments of $100. However, the same correspondence from Defendant stated that the judgment amount was $2,523.35.

50. This correspondence from Defendant constituted "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b); and a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

51. Through this correspondence, Defendant has violated 15 U.S.C. § 1692e(2)(a) by making false representation regarding the character, amount or legal status of an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

52. Through this correspondence, Defendant has violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ.

Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

53.  In addition, Defendant has violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Consequently, Defendant has also violated Cal. Civ. Code § 1788.17.

54.  Sometime after receiving Defendant's correspondence, Plaintiff contacted and retained Plaintiff's counsel for assistance with setting aside and vacating the default judgment Defendant illegally obtained against Plaintiff.

55.  In an effort to avoid unnecessary motion practice and additional expense to the parties, Plaintiff's counsel reached out to Defendant on February 28, 2017 and left Defendant a voice message requesting that Defendant voluntarily set aside and vacate the default judgment illegally obtained against Plaintiff because Plaintiff had never been properly served in the collection action.

56.  In response to Plaintiff's request, on March 1, 2017, Defendant called Plaintiff's counsel and stated that Defendant would invite and oppose Plaintiff's motion; and Defendant further stated that Defendant would introduce testimony from the process server who purportedly served Plaintiff to establish that Plaintiff had been properly served.  The same day, Plaintiff's counsel sent Defendant confirming this conversation.

57.  Thereafter, on March 6, 2017, Plaintiff received a call from Defendant, during which Defendant stated that Defendant found an error in Defendant's purported service upon Plaintiff; and as a result, Defendant would terminate the wage garnishment, instruct the Los Angeles Sherriff's Department to release Plaintiff's withheld wages, and Defendant would vacate the default judgment and dismiss the action with prejudice.

58.  On March 8, 2017, Defendant also sent Plaintiff's counsel correspondence by facsimile confirming that Defendant had terminated the wage garnishment,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1   any funds held by the Los Angeles Sherriff's Department would be returned,
2   and Defendant would vacate the default judgment and dismiss the action with
3   prejudice within sixty (60) days.

4   59.   Over sixty (60) days has passed since Defendant's correspondence; however,
5   to date, the state court's register of actions does not show that there has been
6   any filing in keeping with the abovementioned correspondence; and Plaintiff
7   has not received notice of the default judgment being vacated or any notice
8   that the collection action has been dismissed with prejudice, as Defendant
9   promised in the abovementioned correspondence.

10  60.   Through this conduct, Defendant has violated 15 U.S.C. §§ 1692d, 1692e, and
11  1692f, in addition to the abovementioned sections of the FDCPA for the
12  reasons discussed above. Defendant has also violated Cal. Civ. Code
13  § 1788.17, which incorporates the above violations into the RFDCPA.

14  61.   As a result of Defendant's willful unfair, oppressive, and abusive conduct
15  described above in connection with Defendant's debt collection activity,
16  Plaintiff suffers and continues to suffer actual damages. Plaintiff has suffered
17  emotional distress by way of stress, frustration, anxiety, humiliation,
18  embarrassment, anger, annoyance, and lost time and incurred expense as a
19  result of Defendant's above-mentioned conduct in violation of the FDCPA, 15
20  U.S.C. §§ 1692, et seq., and the RFDCPA, Cal. Civil Code §§ 1788, et seq.

21                            CAUSES OF ACTION

22                               COUNT I

23      VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24            15 U.S.C. §§ 1692-1692(p) (FDCPA)

25  62.   Plaintiff incorporates by reference all of the above paragraphs of this
26  Complaint as though fully stated herein.

27  63.   The foregoing acts and omissions constitute numerous and multiple violations
28  of the FDCPA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

COMPLAINT                                                PAGE 11 OF 13

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

67. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- an award of costs of litigation and reasonable attorney's fees, pursuant to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Cal. Civ. Code § 1788.30(c);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

68.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 15, 2017                    **KAZEROUNI LAW GROUP, APC**


BY:   /s/ ABBAS KAZEROUNIAN
                         ABBAS KAZEROUNIAN, ESQ.
                         MONA AMINI, ESQ.
                         ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626