# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KITCHENS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL LENT D.B.A<br>CAPITAL RECLAMATIONS,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:17-cv-00672-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BE GRANTED**<br><br>(Doc. 12)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

Before the Court is an unopposed motion for default judgment, filed on October 10, 2017, by Plaintiff Jennifer Kitchens ("Plaintiff") against Defendant Daniel Lent D.B.A. Capital Reclamations ("Defendant"). (Doc. 12.) The Court has reviewed Plaintiff's submissions and determined, pursuant to Local Rule 230(g), that the matter was suitable for decision without oral argument. The Court accordingly vacated the motion hearing. (Doc. 14.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

## II. FACTUAL BACKGROUND

This action presents claims that Defendant, allegedly a debt collector, violated the federal

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788 *et seq*. (Doc. 1 ("Complaint"), ¶ 10.) According to the Complaint, which Plaintiff filed on May 15, 2017, Plaintiff incurred a debt, the debt was transferred to Defendant for collection, and thereafter Defendant initiated a state-court collection action against Plaintiff. (Compl. ¶¶ 20, 23-25.) The Complaint alleges, among other things, that Defendant improperly served the complaint at an address not belonging to Plaintiff, improperly venued the action in a county where Plaintiff did not reside, and nevertheless obtained a default judgment against her and then attempted to garnish her wages. (Compl. ¶¶ 30-32, 36, 38, 49-51.) The Complaint seeks an award of statutory damages, actual damages, costs of suit, and attorney's fees. (Compl. 12:19-13:4.)

Although Defendant was served with the Complaint on May 22, 2017, to date, Defendant has failed to respond. (Doc. 6.) On August 16, 2017, Plaintiff requested that the Clerk of the Court enter default against Defendant, which the Clerk entered that same day. (Docs. 8, 9.) Plaintiff now moves the Court for a default judgment against Defendant. (Doc. 12.)

### III. DISCUSSION

#### A. Legal Standard

The Federal Rules of Civil Procedure permit a court-ordered default judgment following the entry of default by the Clerk of the Court. *See* Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). That is, a defendant's default by itself does not entitle a plaintiff to such a judgment. *See id*. (citations omitted).

In determining whether to enter default judgment, the Court should consider the following so-called *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

For the reasons set forth below, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendant.

**B.     Analysis of the *Eitel* Factors**

    **1.     Factor One: Plaintiff Will Be Prejudiced if Default Judgment is Not Granted.**

The first *Eitel* factor favors entry of default judgment where "the plaintiff would suffer prejudice if default judgment is not entered." *Lyon v. Bergstrom Law, Ltd.*, No. 1:16-cv-00401-DAD-SKO, 2017 WL 2350447, at *3 (E.D. Cal. May 31, 2017) (quoting *Joe Hand Promotions, Inc. v. Dhillon*, No. 2:15-cv-1108-MCE-KJN, 2015 WL 7572076, at *2 (E.D. Cal. Nov. 25, 2015). Five months into this action, Defendant has failed to respond to the Complaint. The litigation has thereby stalled, potentially prejudicing Plaintiff by leaving her with no recourse to recover on her claims. That, by itself, is sufficient for a finding that this factor weighs in favor of entering default judgment. *See*, *e.g.*, *Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

    **2.     Factors Two and Three: Plaintiff's Claims that Defendant Violated the FDCPA and Rosenthal Act Are Meritorious and the Complaint is Sufficient.**

Under the second and third *Eitel* factors, the Court considers the general sufficiency of the complaint as well as the merits of its substantive claims. *HICA Educ. Loan Corp. v. Warne*, No. 11-cv-04287-LHK, 2012 WL 1156402, at *2 (N.D. Cal. Apr. 6, 2012). *See generally U.S. ex rel. Hajoca Corp. v. Aeroplate Corp.*, No. 1:12-cv-1287-AWI-BAM, 2013 WL 3729692, at *3 (E.D. Cal. July 12, 2013) (addressing the second and third *Eitel* factors "together because of the relatedness of the two inquiries"). These factors "together . . . require that a plaintiff state a claim on which the plaintiff may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Danning v.Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001).

The Complaint alleges two causes of action: one under the FDCPA and one under the Rosenthal Act, with multiple violations of the law alleged within each cause of action. (Compl. ¶¶ 62-67.) To state a claim under the FDCPA, a plaintiff must show (1) the plaintiff is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant committed some act or omission in

violation of the FDCPA. *See* 15 U.S.C. § 1692a(3)-(6); *see also Allmendinger v. Oxford Law, LLC*, No. 2:14-cv-1990-KJM-EFB, 2016 WL 146230, at *2 (E.D. Cal. Jan. 13, 2016). FDCPA violations also constitute violations of the Rosenthal Act. *See* Cal. Civ. Code § 1788.17 (incorporating the majority of the FDCPA); *see also Esget v. TCM Fin. Servs. LLC*, No. 1:11-cv-00062-AWI-BAM2014, WL 258837, at *5 (E.D. Cal. Jan 23, 2014). These laws aim to protect consumers from unfair and deceptive debt collection practices. *See* 15 U.S.C. § 1692; *see also Lyon*, 2017 WL 2350447, at *4 (quoting *Gonzales v. Arrow Fin. Servs., Inc.*, 660 F.3d 1055, 1060 (9th Cir. 2011)).

At this stage—on a motion for entry of default judgment following entry of default by the Clerk of the Court—the Court must accept as true the well-pleaded facts in the complaint. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). Necessary facts which are not contained in the complaint, or are legally insufficient, however, will not be established by the Clerk's entry of default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

As to the first and second elements required under the FDCPA, the Complaint sufficiently pleads Plaintiff's status as a consumer, Defendant's status as a debt collector, and the status of the debt at issue. (Compl. ¶¶ 13-17); *see also* 15 U.S.C. §§ 1692a(3) (defining the term "consumer"), 1692a(6) (defining the term "debt collector"), 1692a(5) (defining the term "debt"). The Court will now turn to the third element—determining whether Plaintiff has sufficiently alleged that Defendant committed some act or omission in violation of the FDCPA.

        **a.    Allegation of Defendant's Improper Substitute Service Sufficiently States a Violation of the FDCPA and Rosenthal Act.**

Plaintiff alleges in the Complaint that on September 1, 2015, Defendant purportedly served the state-court collection-action complaint by substitute service at an address where Plaintiff neither resided nor regularly received mail at the time of service.[1] (Compl. ¶¶ 29-30.) According to the Complaint, Defendant has since acknowledged that its service of the collection-action

---

[1] Under California's substitute service rule, substitute service of the complaint at a place not Plaintiff's residence or regular mailing address, if true, would be improper. *See* Cal. Code Civ. P. § 415.20(b) (permitting substitute service of a complaint only "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address").

4

complaint was erroneous. (Compl. ¶ 57.) Nevertheless, when Plaintiff consequently failed to file a responsive pleading to the collection-action complaint, Defendant requested and obtained an entry of default judgment against Plaintiff. (Compl. ¶¶ 31, 35-36.)

These allegations of improper substitute service sufficiently state violations of section 1692e of the FDCPA, which prohibits the use of false, deceptive, or misleading representations in connection with collecting a debt, section 1692e(10), which prohibits false representations or deceptive means to collect a debt, and section 1692f, which prohibits unfair or unconscionable means to collect a debt, and consequently the Rosenthal Act. *See* 15 U.S.C. §§ 1692e, 1692e(10), 1692f.

In *Riley v. Giguiere*, 631 F.Supp.2d 1295, 1309 (E.D. Cal. 2009), the Court reached a similar result. In that case, the defendant failed to properly serve the plaintiff in an underlying debt-collection action, and then obtained a default judgment. The Court found a violation of sections 1692d, 1692e, and 1692f of the FDCPA, reasoning that the defendant had taken "acts to enforce a debt that was not authorized by law, because defendant knew or should have known that plaintiff had not been properly served." *Id.*; *cf. Rodrigo v. Barclays Bank Del.*, No. 16-cv-808-JAH (JMA), 2017 WL 1155373, at *7 (S.D. Cal. Mar. 27, 2017) (finding no merit under 1692e or 1692f that defendant acted in bad faith when it served the wrong person and then obtained a default judgment, because "the Complaint fail[ed] to allege plausible facts permitting an inference of bad faith").

Like the debt collector in *Riley*, Defendant here improperly served Plaintiff. And, as evidenced by its own admission, Defendant knew or should have known of its service error prior to obtaining a default judgment against Plaintiff.[2] The Court finds that the Complaint sufficiently alleges violations of sections 1692e, 1692e(10), and 1692f of the FDCPA.

### b. Allegation of Defendant's Attempt to Garnish Plaintiff's Wages Sufficiently States a Violation of the FDCPA and Rosenthal Act.

The Complaint also adequately alleges that Defendant violated the FDCPA and the Rosenthal Act by contacting Plaintiff's employer in an attempt to garnish her wages. *See* 15

---

[2] The Court notes that although the FDCPA is generally a strict liability statute, certain of its provisions require intent or knowledge. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176, n.11 (9th Cir. 2006).

U.S.C. §§ 1692c(b) (prohibiting debt collector from communicating with third-person in connection with the collection of a debt); 1692e(10) (prohibiting the use of false representations or deceptive means to collect a debt); 1692d (prohibiting conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt); *see also*, *e.g.*, *Ochwat v. Pinnacle Asset Grp.*, LLC, 2:15-cv-2130-JAM-EFB, 2016 WL 3541452, at *3 (E.D. Cal. June 24, 2016) (finding that defendant's call to plaintiff's workplace and conversation with plaintiff's boss about a wage garnishment demonstrate violations of sections 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692e(3), and 1692e(10) of the FDCPA); C*rider v. Pacific Acquisitions & Assocs., LLC*, No. 14-cv-03498-NC, 2015 WL 6689391, at *3 (N.D. Cal. Nov. 3, 2015) ("[T]he Ninth Circuit held that repeated threats of garnishment . . . and multiple calls to a consumer's place of employment constituted harassment." (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994))).

### c. Allegation of Defendant's Settlement Offer Sufficiently States a Violation of the FDCPA and Rosenthal Act.

Finally, the Complaint alleges that Defendant violated section 1692e(2) of the FDCP by offering to settle the debt with Plaintiff for roughly $1,400 more than the judgment amount.[3] (Compl. ¶¶ 37-38, 49-51.) Section 1692e(2) proscribes the use of "any false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The section is violated if "the least sophisticated debtor would likely be misled by [the alleged conduct]." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quotation and citation omitted). The Complaint has sufficiently alleged a cognizable claim under this section of the FDCPA; Defendant's settlement offer—$1,400 higher than the judgment amount—could mislead the least sophisticated debtor to conclude that it owes that higher amount.

As to the third element required under the FDCPA, the Complaint sufficiently states that Defendant violated the FDCPA and Rosenthal Act. *See Munoz v. Cal. Bus. Bureau, Inc.*, No. 1:15-cv-01345-BAM, 2016 WL 6517655, at *4 (E.D. Cal. Nov. 1, 2016) (citing *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1074 (E.D. Cal. 2008) (holding that proof of a single violation

---

[3] Specifically, the Complaint alleges that Defendant offered to settle the debt for $3,900, paid in 39 monthly installments of $100, but the judgment amount was for $2,523.35.

is sufficient to establish civil liability under the FDCPA); *see also Torres v Bernstein, Shapiro & Assocs., LLC*, No. 2:10-cv-2507-KJM-DAD, 2012 WL 2376401, at *3 (E.D. Cal. June 22, 2012) (finding the complaint sufficient and meritorious without individually considering the multiple violations alleged within each cause of action but instead considering the violations together); *McKibben v. Collection Prof'l Servs.*, No. 2:09-cv-02949-JAM-KJN, 2010 WL 2025319, at *4, 6 (E.D. Cal. May 18, 2010) (finding that the *Eitel* factors were met, justifying entry of default judgment, even though individually only three of the five alleged violations were sufficient and meritorious).[4] These two *Eitel* factors thus weigh in favor of entering default judgment.

### 3. Factor Four: The Relatively Small Sum of Money at Stake Favors Default Judgment.

The fourth *Eitel* factor, the sum of money at stake in the action, weighs in favor of granting default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $8,100.25, which includes statutory damages, attorney's fees, and costs. (Doc. 12-1, 11:25–28) This is not a large sum of money, relatively, nor does it appear unreasonable, subject to the modification set forth below.

### 4. Factor Five: No Dispute Over Material Facts.

With regard to this *Eitel* factor, no genuine issues of material fact are likely to exist because the allegations in the Complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendant has submitted nothing to contradict the well-pled allegations in the Complaint. Accordingly, this factor favors entry of default judgment.

//
//

---

[4] The Court has considered Plaintiff's claim that venue was improper on the grounds that Defendant filed the debt-collection action in Riverside County rather than Kern County, where Plaintiff resided at the time, and finds that claim insufficiently pled because the Complaint failed to indicate whether Plaintiff signed the underlying loan agreement in Riverside County. (*See* Compl. ¶¶ 18, 25, 27); *see also* 15 U.S.C. § 1692i(a) (stating that the proper venue is not only the judicial district in which the plaintiff lived at the time the action commenced but also the judicial district in which the plaintiff signed the underlying loan agreement); *cf.*, *e.g.*, *Bui v. Meriwest Credit Union*, SACV13-01025-JVS (RNBx), 2013 WL 12126751, at *4 (C.D. Cal. Nov. 4, 2013) (finding a violation of § 1692i(a) where defendant filed collection action in Orange County, but plaintiff neither resided there nor signed the contract there). However, as noted above, one violation of the FDCPA is enough to satisfy the second and third *Eitel* factors.

### 5.  Factor Six: No Evidence that Default Was Due to Excusable Neglect.

Defendant has failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. The Court has no evidence before it establishing that Defendant's failure to participate in the litigation is due to excusable neglect. This factor therefore weighs in favor of granting default judgment.

### 6.  Factor Seven: Strong Policy Favoring Decisions on the Merits.

This factor inherently weighs strongly against awarding default judgment in every case. This factor is outweighed, however, by the other factors that favor granting default judgment.

## C.  Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports entry of a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff. In other words, although the Court must accept Plaintiff's allegations as true on a motion for default judgment, Plaintiff must still prove all damages sought in the Complaint. *See Televideo Sys. Inc.*, 826 F.2d at 917-18. The relief sought "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." Fed. R. Civ. P. 54(c).

### 1.  Plaintiff is Entitled to Statutory Damages.

The Complaint requests the maximum statutory damages in the amount of $2,000. (Compl. 12:24-27.) The FDCPA and the Rosenthal Act provide for, among other things, a maximum statutory damages amount of $1,000, respectively, for unlawful debt collection activities. *See* 15 U.S.C. § 1692k(a)(2)(A); *see also Brablec v. Paul Coleman & Assocs., P.C.*, No. S-08-1843-MCE-GGH, 2010 WL 235062, at *2 (E.D. Cal. Jan. 21, 2010) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) and *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1238 (C.D. Cal. 2007)).

While Defendant's failure to properly effectuate service of the collection-action complaint on Plaintiff, alone, would not warrant the maximum statutory damages amount, Defendant's culpable mindset (acknowledging the service error), and the ensuing events, including obtaining a default judgment and attempting to garnish Plaintiff's wages, warrant the maximum amount. *See* 15 U.S.C. § 1692k(b)(1) (instructing courts to consider the following factors when determining the

appropriate amount of statutory damages under the FDCPA: (1) "the frequency of noncompliance by the debt collector," (2) "the nature of such noncompliance," and (3) "the extent to which such noncompliance was intentional"); *see also*, *e.g.*, *Sosa v. Crowning Point Sols., LLC*, No. 2:15-cv-2458-JAM-EFB, 2016 WL 3218187, at *3 (E.D. Cal. June 9, 2016) (finding that numerous communications combined with aggravating circumstances—such as threats or communications to third parties—warrant the maximum statutory damages amount); *but cf.*, *Lyon*, No. 1:16-cv-00401-DAD-SKO, 2017 WL 2350447, at *10 ("find[ing] that [a] single noncompliant communication . . . absent any aggravating circumstances, warrants a reduced FDCPA damage amount of $250."). The Court therefore finds that Plaintiff is entitled to the maximum award for statutory damages under the FDCPA and the Rosenthal Act in the total amount of $2,000.

### 2. Plaintiff is Entitled to Modified Attorney's Fees and Costs.

The Complaint further requests an award for attorney's fees and costs, (Compl. 12:28-13:3), which both the FDCPA and the Rosenthal Act provide to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). To determine whether an attorney's fee request is reasonable, the Ninth Circuit applies the lodestar method—multiplying the hours reasonably expended by an allowed hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Fee determinations under the lodestar method are presumptively reasonable, though the Court may, in its discretion, consider an upward or downward adjustment. *Camacho*, 523 F.3d at 978.

Plaintiff requests attorney's fees for 16 hours of attorney time expended at an hourly rate of $350, totaling $5,600, (Doc. 12-1, at 11:4-7), supported by a sworn declaration from Plaintiff's attorney, Mona Amini, addressing counsel's experience (Doc. 12-2).

The Court finds the number of hours expended on this litigation to be reasonable. *See*, *e.g.*, *McBride v. Del. Solutions, LLC*, No. 2:15-cv-1222-MCE-KJN, 2015 WL 5882395, at *5 (E.D. Cal. Oct. 5, 2015) (finding 8.3 hours expended in an FDCPA action to be reasonable, but adjusting the requested hourly attorney's fee of $500 downward to $300 on the basis of prevailing market rates); *Mulvihill v. St. Amant & Assocs.*, No. 2:13-cv-0080-TLN-DAD, 2014 WL 1665229, at *4 (E.D. Cal. Apr. 24, 2014) (finding $3,422 in attorney's fees reasonable on a motion for

default judgment in an FDCPA action, based on 11.4 hours of attorney time at $290 per hour and 0.8 hours of paralegal time at $145 per hour); *Torres*, 2012 WL 2376401, at *5 (finding $4,128.50 in attorney's fees reasonable on a motion for default judgment in an FDCPA action based on 13.5 hours of work at hourly rates of $275 and $355); *Middlesworth v. Oaktree Collections, Inc.*, No. 1:09-cv-601 OWW-BAK [SMS], 2009 WL 3720884, at *1 (E.D. Cal. Nov. 3, 2009) (awarding $3,114.90 in attorney's fees on a motion for default judgment in an FDCPA action with attorney's hourly rates as high as $394).

The Court further finds, however, that an hourly rate of $350 for Plaintiff's counsel, Ms. Amini, is excessive. In assessing applications for attorney's fees, the reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895; *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The relevant legal community is the forum where the district court sits. *Shirrod v. Office Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015).

According to the declaration of Plaintiff's counsel, Ms. Amini, a court in the Central District, sitting in Orange County, set Ms. Amini's hourly rate at $300 in an FDCPA and Rosenthal Act case in June 2016. (Doc. 12-2, ¶ 24.) In December 2016, in a putative class action case brought pursuant to California's Consumer Legal Remedies Act, a court in the Southern District, sitting in San Diego County, likewise found Ms. Amini's hourly rate of $300 to be reasonable. *See Oxina v. Lands' End, Inc.*, No. 14-cv-2577-MMA (NLS), 2016 WL 7626190, at *5-6 (S.D. Cal. Dec. 2, 2016). The Ninth Circuit has held that "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). It is reasonable and consistent then to set Ms. Amini's rate in the present action at $300 per hour. *Cf. Trujillo v. Singh*, No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *1-3 (E.D. Cal. May 8, 2017) (deviating what prior courts had done only where those prior courts had inconsistently set the hourly rates of a particular attorney, and instead resolving the inconsistency by adjusting the rates in the oft-used Laffey Matrix, which surveys prevailing legal rates in Washington D.C. and Baltimore, to reflect reasonable rates in the Fresno market).

Moreover, Ms. Amini offers no evidence showing that she has gained any significant experience or expertise since her hourly rate was set at $300 in the two cases discussed above. Rather, Ms. Amini's declaration states only that she attended a three-day Consumer Rights Litigation Conference since those prior cases. (Doc. 12-2, ¶ 19); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (stating that the fee applicant bears the burden of producing sufficient evidence that the requested rates are reasonable). Nor does the fact that the relevant legal community in this case is different than the relevant legal communities in the prior two cases justify an increase in Ms. Amini's legal rate; legal rates in the Fresno market are no higher—if even equal to—rates in Orange County and San Diego County. *See Shirrod*, 809 F.3d at 1086. Therefore, although the Court has no reason to doubt the experience and expertise of Ms. Amini, it finds no reason to depart from the $300 hourly rate set for Ms. Amini by two other courts just last year.

Such an hourly rate of $300 for Ms. Amini also comports with prior fee determinations in similar FDCPA cases in this district. Courts in this district have typically awarded hourly rates in the $300 range for similar work performed by attorneys of comparable skill, experience, and reputation. *See*, *e.g.*, *Felldin v. Grant & Weber, Inc.*, No. 2:15-cv-0891-WBS-AC (TEMP), 2016 WL 3344493, at *6-7 (E.D. Cal. June 16, 2016) (downwardly adjusting attorney's fee in FDCPA and RFDCPA case from the requested rate of $450 to the awarded rate of $350); *Johnson v. Patel*, No. 2:14-cv-2078-WBS-AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) (finding hourly rate of $300 to be reasonable); *Allmendinger*, 2016 WL 146230, at *5 (awarding hourly rate of $300 for similar work to "an experienced and able litigator" in an FDCPA and RFDCPA case); *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1300 (E.D. Cal. 2014) (awarding hourly rate of $387 in an FDCPA and RFDCPA case); *Mulvihill*, 2014 WL 1665229, at *4 (awarding hourly rate of $290 in an FDCPA and RFDCPA case). With the modification to counsel's hourly rate to $300, the Court recommends that Plaintiff be awarded attorney's fees in the amount of $4,800 (16 hours multiplied by $300 per hour).

Finally, Plaintiff seeks an award of $500.25 in costs, including a $400 filing fee, process service charges in the amount of $97.25, and a court document purchase fee of $3.00. (Doc. 12-1,

at 11:7-10.)  These costs are reasonable.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 12) be GRANTED;
2. Judgment be entered in Plaintiff's favor and against Defendant Daniel Lent d.b.a. Capital Reclamations;
3. Plaintiff be awarded statutory damages under 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;
4. Plaintiff be awarded statutory damages under Cal. Civ. Code § 1788.30(b) in the amount of $1,000.00; and
5. Plaintiff be awarded reasonable attorney's fees in the amount of $4,800 (16 hours at $300 per hour), and costs of suit in the amount of $500.25, for a total of $5,300.25.

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Daniel Lent d.b.a. Capital Reclamations at his last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **November 7, 2017**  /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE